IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-610-BO-RJ

DAVID GORDON OPPENHEIMER, )
         Plaintiff, )
          )
v. )     O R D E R
          )
JEREMY S. LEE, PERKLEE, INC., and )
JOHN DOE, )
         Defendants. )

This cause comes before the Court on a motion to dismiss filed by defendants Jeremy Lee and Perklee, Inc. for insufficient process pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the motion is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff initiated this action by filing a complaint against defendants on October 27, 2023. [DE 1]. Plaintiff's complaint alleges claims for non-willful copyright infringement, reckless/willful copyright infringement, vicarious copyright infringement, and contributory copyright infringement. Defendant Jeremy Lee has appeared, *pro se*, and filed a motion to dismiss with prejudice for insufficient process. Mr. Lee's motion has been filed on behalf of "defendants." Mr. Lee argues that "defendants" were served on or about December 9, 2023, and that the summons was deficient as it was not accompanied by the complete complaint. Mr. Lee contends that the summons was "fragmented" and included only pages one and three of four when delivered by the process server. [DE 13].

Plaintiff has responded in opposition, attaching the affidavit of service executed by the process server who served defendants Lee and Perklee, Inc. [DE 16]. Plaintiff also argues that Mr. Lee cannot represent Perklee, Inc. and seeks entry of default judgment. Plaintiff has also filed a supplement to his response in opposition, stating that the full pages of the summonses, the complaint and all exhibits, as well as the civil cover sheet and notice of appearance, have been forwarded to Mr. Lee by email. [DE 17]. In reply, Mr. Lee states that the summons he received was insufficient and failed to include the complaint. Mr. Lee also argues that he and Perklee, Inc. have limited financial resources and that his representation of Perklee, Inc. was an inadvertent procedural error, not willful non-compliance. Mr. Lee requests "a fair opportunity to address the complaint." [DE 18].

## DISCUSSION

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for insufficient process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

Rule 4 requires that a summons "name the court and the parties; be directed to the defendant; state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff; state the time within which the defendant must appear and defend; notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; be signed by the clerk; and bear the clerk's seal." Fed. R. Civ. P. 4(a)(1)(A)-(G). Service of the summons and the complaint is required. *Id.* 4(c)(1).

2

Mr. Lee appears to contend both that he was served with incomplete summons and that he was not served with a copy of the complaint. In support he has provided photocopies of the first and third of four pages of summonses as well as photographs of those pages. [DE 13-1]. The returns of service filed by plaintiff include the affidavit of the process service who states that the complaint was served on plaintiff along with summonses. "A signed return of service from a private process server is 'strong evidence of valid service.'" *Patterson v. Brown*, No. 3:06cv476, 2008 U.S. Dist. LEXIS 9312, at *22-23 (W.D.N.C. Jan. 23, 2008) (citation omitted). Mr. Lee's evidence is insufficient to rebut plaintiff's evidence that a copy of the complaint was served with the summonses.

As to the missing pages of the summonses, the Court notes that the second and fourth pages of the summonses referenced by Mr. Lee are the blank returns of service pages for each summons. Mr. Lee identifies no other defect in the summonses. Even assuming, without deciding, that omitting the second, return of service page from a summons could constitute insufficient service, *see Mhina v. Citizens Bank, N.A.*, No. 5:22-cv-427 (BKS/ML), 2022 U.S. Dist. LEXIS 198226, at *9 (N.D.N.Y. Nov. 1, 2022) (insufficient service where summons contained missing second page, did not indicate court in which complaint was pending, did not list address of plaintiff, or identify defendant), such defect in isolation is technical in nature and does not render service in this case invalid. "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Here, Mr. Lee received the first page of the summons, which provided him with all of the information required to be disclosed by Rule 4(a).

3

Accordingly, for the foregoing reasons, the motion to dismiss pursuant to Rule 12(b)(4) is denied.

As plaintiff has raised in his response, while an individual may appear for himself *pro se*, a business entity may not appear in this Court without duly licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993); *see also RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007); Local Civil Rule 5.2(b)(2). Mr. Lee does not assert that he is a duly licensed attorney, and therefore he may not represent Perklee, Inc. However, plaintiff's request for entry of default judgment against defendant Perklee, Inc. is premature. The Court will permit defendant Perklee, Inc. a brief period within which to secure counsel and respond to the complaint.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss pursuant to Rule 12(b)(4) [DE 13] is DENIED. Defendant Perklee, Inc. is permitted until May 7, 2024, to secure counsel and respond to the complaint. Defendant Lee's answer must also be filed on or before May 7, 2024.

SO ORDERED, this 17 day of April 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE